UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

                 File No. 2:11-CR-48

v.

                 HON. ROBERT HOLMES BELL

JAY EMERSON HUNTER,

   Defendant.
                 /

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 24, 2012, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendant Hunter's motion to suppress be denied. (Dkt. No. 27, R&R.) Defendant filed objections to the R&R on February 7, 2012. (Dkt. No. 28, Objs.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *De novo* review does not require the district court to rehear witnesses whose testimony has been evaluated by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The Magistrate Judge, as the fact-finder, has the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position

to determine their credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264 (6th Cir.1999). The Magistrate Judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Akins*, No. 08-CR-20397, 2011 WL 2636697, 1 (W.D. Tenn. July 6, 2011); *United States v. Irrorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

Defendant objects to the Magistrate Judge's conclusions that Defendant was not in custody and that his statements were voluntarily made. Defendant contends that these conclusions ignore evidence that Defendant was asked to come to the Police Department on a pretext, that Defendant did not leave the interview room until the interview was concluded, and that Defendant, who was only 21 years old, made the incriminating statements only after concluding that the FBI believed him to be a pedophile. Defendant contends that under the totality of the circumstances, the conduct of the police constituted coercive activity, was sufficient to overbear his will, and was the crucial motivating factor behind his incriminating statements and his production of the incriminating document.

The Court has reviewed the transcript of the evidentiary hearing on Defendant's motion to suppress and the arguments of counsel. The only testimony presented at the evidentiary hearing on Defendant's motion was the testimony of FBI Special Agent Richard Grout.

The Court finds that, contrary to Defendant's argument, Defendant was not asked to come to the Police Department on a pretext. The only testimony on this issue revealed that

2

Agent Grout and Liutenant Rindy of the Bay Mills Tribal Police simply asked him if he would accompany them to the Bay Mills Police Department to give a statement about a matter they were investigating. (Tr. 7, 21.) They informed him that he was not under arrest, that he did not have to answer any questions and that he could stop answering at any time. (Tr. 7.) Although Defendant indicated that he had suspected he was being called in for questioning about rumors that he had hit a child, (Tr. 8, 23), there is no evidence that he was deceived regarding the purpose of the interview.

When they entered the Bay Mills Police Department conference room, the Defendant was again advised that he was not under arrest, that he did not have to answer any of the questions, and that he could stop answering questions at any time. (Tr. 8.) Although Agent Grout did not specifically advise Defendant that he could leave, he thought it was understood. (Tr. 22.) Defendant was not restrained in any way. Although Defendant did not leave the interview room until the interview was concluded, he never asked to leave, and the entire interview only lasted approximately an hour and a half. (Tr. 14.) There is nothing in the record to suggest that the conduct of the questioning was objectively coercive. Although Defendant initially denied any inappropriate sexual contact with the victim, (Tr. 9-10), and only made incriminating statements after he was asked whether he was a pedophile who sexually molested numerous children, (Tr. 11-12, 23-25), there is nothing in the record to suggest that the questioning constituted coercion sufficient to overbear Defendant's will. Defendant was 21 years old (Tr. 7), and he had already had approximately five formal

3

encounters with law enforcement as an adult. (Tr. 14.) Finally, there is no evidence of any misconduct by the officers that could be construed as a crucial motivating factor in the Defendant's decision to offer the statement. *See United States v. Rutherford*, 555 F.3d 190, 195 (6th Cir. 2009) (listing factors to consider in determining whether a confession is involuntary due to police coercion); *Jackson v. McKee*, 525 F.3d 430, 433-34 (6th Cir. 2008) (listing spectrum of factors to consider in determining whether an interrogation rises to the level of coercion, including the defendant's age, education and intelligence; whether he was advised of his Miranda rights; the length of the questioning; and the use of physical punishment or the deprivation of food, sleep or other creature comforts). Defendant presented no evidence to challenge the testimony of Agent Grout.

The Court finds that the government met its burden of proving that the statements made by Defendant Hunter to FBI Special Agent Grout were voluntary and not coerced. *See United States v. Ostrander*, 411 F.3d 684, 696 (6th Cir. 2005) ("The government bears the burden of proving by a preponderance of the evidence that a confession was voluntary.").

Defendant also objects to the Magistrate Judge's failure to address his contention that even if his statements were voluntary, they were the product of an illegal seizure. Defendant contends that the lengthy interrogation rose to the level of an illegal seizure and arrest, and that his statements must be suppressed as the "fruit of the poisonous tree."

When a detention rises to the level of a seizure or a full-fledged arrest, the Fourth Amendment demands that it be supported by probable cause. *United States v. Butler*, 223

F.3d 368, 374 (6th Cir. 2000). "A 'seizure' occurs for purposes of the Fourth Amendment when the police detain an individual under circumstances where a reasonable person would feel that he or she is not at liberty to leave." *Id.*

The evidence presented does not suggest that there was a Fourth Amendment seizure. Defendant came to the police station voluntarily, and participated in the questioning despite being twice advised that he did not have to answer any questions and could stop answering at any time. A reasonable person in Defendant's situation would not feel that he or she was not at liberty to leave.

Upon *de novo* review, the Court agrees with the Magistrate Judge's factual findings, legal analysis, and his recommendation that Defendant's motion to suppress be denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to the R&R (Dkt. No. 28) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the January 24, 2012, R&R (Dkt. No. 27) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to suppress statements (Dkt. No. 23) is **DENIED**.

Dated: February 10, 2012            /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE